John P. Margiotta (jmargiotta@fzlz.com)
Jennifer Insley-Pruitt (jinsley-pruitt@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARTIER INTERNATIONAL AG and CARTIER, a division of RICHEMONT NORTH AMERICA, INC., | Civil Action No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| PRINCESS P. JEWELRY CO., LLC., | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiffs Cartier International AG and Cartier, a division of Richemont North America,

Inc. (collectively, "Cartier"), for their Complaint against Defendant Princess P. Jewelry Co., LLC

("Defendant" or "Princess P"), allege as follows:

### SUBSTANCE OF THE ACTION

1.      Cartier is one of the world's most renowned jewelers and luxury watch

manufacturers.  For decades, Cartier jewelry and watches have been highly regarded throughout

the world as finely crafted works of art.

2.      Defendant owns and operates the eponymous online retail site Princess P.

Jewelry, *www.princesspjewelry.com*. Through this retail outlet, Defendant unlawfully promotes,

distributes, and sells jewelry products that are imitations of Cartier's jewelry designs, designs

that are protected under the copyright and trademark laws.  All of the claims asserted herein arise

{F176(0287 2 }

out of and are based on Defendant's willful infringement of Cartier's intellectual property rights, which Defendant is well aware of but chooses to blatantly disregard.

3.      Defendant's actions, as further described herein, are causing immediate and irreparable harm to Cartier and its brand, and are also harming consumers.  To redress the harm being done to Cartier and to the public and to protect its exclusive rights, Cartier brings claims for federal trademark counterfeiting and trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; and related claims under New York state law.  Cartier seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under Section 501 of the Copyright Act, 17 U.S.C. § 501; under Section 39 of the Lanham Act, 15 U.S.C. § 1121; under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b); and under principles of pendent jurisdiction.  Supplemental jurisdiction exists over Cartier's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because Defendant continuously and systematically conducts, transacts, and solicits business in this district, because Defendant ships and sells infringing products in and to this district and operates a fully interactive website that allows consumers from this district to purchase infringing products, because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and because Cartier will be harmed in this district.

{F1746287 2 }

6.      Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because Defendant is subject to personal jurisdiction in this district due to its voluntary transacting of business herein, including offering products to consumers in this district, shipping and selling products, including infringing products, in and to this district, and operating a fully interactive website that allows consumers from this district to purchase infringing products, and because a substantial portion of the events at issue have arisen and will arise in this judicial district and Cartier is suffering harm in this judicial district.

## THE PARTIES

7.      Plaintiff Cartier International AG is a public limited company organized and existing under the laws of Switzerland, having a principal place of business at Hinterbergstrasse 22, 6330 Cham, Switzerland.

8.      Plaintiff Cartier, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 653 Fifth Avenue, New York, New York 10022-5910.  Cartier, a division of Richemont North America, Inc., is the exclusive distributor and licensee of CARTIER brand products in the United States.

9.      For the purposes of this Complaint, except where specified, the interests of Plaintiffs Cartier International AG and Cartier, a division of Richemont North America, Inc. are as a practical matter identical, and they are referred to herein individually and collectively as "Cartier."

10.      Upon information and belief, Defendant Princess P Jewelry Co., LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 4950 Medina Road, Woodland Hills, California 92364.

{F\746287.2}

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### I.    CARTIER'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

A.    The CARTIER Brand and Business

11.    Cartier is a world-famous supplier of fine jewelry and luxury watches sold under the CARTIER name and mark.

12.    Founded in 1847 by Louis-François Cartier, Cartier has built a reputation for fine craftsmanship in the jewelry field.  Through over 160 years of use, Cartier has built its CARTIER name and mark to be synonymous with high-quality, well-crafted jewelry.  Today, the company offers for sale and sells a wide range of products including timepieces, fine jewelry, and accessories.  Cartier's commitment to innovation in design and function, as well as its use of only the finest materials, has brought it renown as a leading maker of luxury goods.

13.    Among Cartier's most important assets is the intellectual property associated with the CARTIER brand. Among other protection, Cartier owns U.S. copyright registrations covering many of its innovative jewelry and watch designs and U.S. trademark registrations covering many of its world-famous marks.

B.    Cartier's LOVE Collection and Related Intellectual Property Rights

14.    One of Cartier's most well-known and sought-after jewelry lines is known as the LOVE collection, which consists of a wide variety of jewelry designs (together, the "LOVE Collection"), each with the distinctive appearance of a flat metal band in white gold, yellow gold, or pink gold punctuated by simulated screw head designs and/or diamonds (the "LOVE Trade Dress"), as shown below in yellow gold:

{F17462R7.2 }



15.     The first item in the LOVE Collection was the LOVE bracelet, designed for Cartier by Aldo Cipullo in 1969.

16.     The LOVE bracelet was wildly popular from the time of its launch, requiring Cartier to create a waiting list for hopeful customers.

17.     Since its introduction, the LOVE bracelet has adorned the wrists of many famous celebrities, including 1970s couples such as Elizabeth Taylor and Richard Burton, Nancy and Frank Sinatra, Cary Grant and Dyan Cannon, and Ali McGraw and Steve McQueen.  Today, the LOVE bracelet continues to be favored by celebrities.

18.     In addition to the LOVE bracelet, Cartier manufactures, promotes and sells a number of jewelry designs within the LOVE Collection and incorporating the LOVE Trade Dress, including, but not limited to, earrings, rings and necklaces.

19.     The LOVE word mark and the LOVE Trade Dress are the subjects of various federal trademark registrations owned by Cartier, including the following:

| Mark | Reg. No. | Reg. Date | Registered Goods |
|------|----------|-----------|------------------|
|      | 1,372,423* | November 26, 1985 | Bracelets |
|      | 3,162,410* | October 24, 2006 | Jewelry, namely, bracelets, watches, rings, charms, earrings, dog tag type pendants; cuff links; belt buckles made of precious metal |

{F1746287.2 }

| Mark | Reg. No. | Reg. Date | Registered Goods |
|------|----------|-----------|------------------|
| LOVE | 3,637,776 | June 16, 2009 | *Inter alia*, goods of precious metals and coated therewith, namely, cuff-links, rings, bracelets, earrings, necklaces |
|  | 3,776,794 | April 20, 2010 | Jewelry, namely, rings, bracelets, charms, earrings, made of precious metals |

20.     Printouts detailing the registration information for the above marks are attached

hereto as Exhibit A.  These registrations are all valid, subsisting, and in full force and effect.

Moreover, the registrations identified above with an asterisk have become incontestable under

Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serve as conclusive evidence of the

validity of the registered marks, of the registration of the marks, and of Cartier's exclusive right

to use the marks in commerce on or in connection with the products for which the marks are

registered, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  Collectively,

the marks shown in Exhibit A are referred to herein as the "Cartier LOVE Marks."

21.     Cartier has extensively advertised and promoted the products manufactured, sold,

and offered for sale under the Cartier LOVE Marks.

22.     Cartier's products sold under the Cartier LOVE Marks are available throughout

the United States, both through Cartier's own boutiques and in additional authorized retail stores.

Cartier sells millions of dollars of products under the Cartier LOVE Marks each year.

23.     The products distributed by Cartier under the Cartier LOVE Marks are of the

highest quality and are subject to exacting quality control standards.  Cartier takes pains to

ensure the quality of its products by monitoring their production and distribution.  As a result of

these efforts, Cartier has developed a reputation for providing the highest-quality products under

the Cartier LOVE Marks and consumers have come to expect that products bearing the Cartier LOVE Marks are of the highest quality and workmanship.

24.     Cartier also has expended large sums of money in advertising and promoting to the trade and to the public the Cartier LOVE Marks and the products sold under those marks.

25.     Through Cartier's significant investment of time, money and effort, widespread sales, and the high quality of Cartier products sold under or in connection with its Cartier LOVE Marks, the Cartier LOVE Marks have acquired enormous value and have become extremely well-known to the consuming public and trade as identifying and distinguishing Cartier as the exclusive source of the products to which they are affixed.  As a result of the great public acceptance of Cartier's products, the Cartier LOVE Marks have come to represent enormous goodwill throughout the United States.

C.     Cartier's Juste un Clou Collection and Related Intellectual Property Rights

26.     One of Cartier's most critically acclaimed lines is its Juste un Clou collection, which today comprises bracelets, rings, necklaces, and earrings featuring a circular design in the shape of a nail (collectively, the "Juste un Clou Works").

27.     The first item in the Juste un Clou collection was a bracelet designed by Aldo Cipullo, which was introduced in 1971 and offered for sale for a short period of time thereafter. In the Spring of 2012, the Juste un Clou collection was re-launched, this time comprising both bracelets and other jewelry.  Examples of the Juste un Clou Works are shown below.

{F1746287/2 }



*1.    Cartier International AG's Copyright in the Juste un Clou Works*

28.    Plaintiff Cartier International AG owns, by assignment, a U.S. copyright in the Juste un Clou bracelet, U.S. Copyright Registration No. GP 83,787 (the "Juste un Clou Copyright"). A true and correct copy of the registration and the assignment of such registration to Plaintiff Cartier International AG is attached as Exhibit B.

*2.    Cartier's Trade Dress in the Juste un Clou Works*

29.    The bracelets in Cartier's Juste un Clou collection incorporate a distinctive design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of Cartier's Juste un Clou collection (the "Juste un Clou Trade Dress").

30.    The Juste un Clou Trade Dress consists of a nail design that:

    1.    has a perfectly round head;

    2.    has a tubular body;

    3.    has grooves underneath the head;

    4.    ends in a point that is preceded by four flat surfaces; and

    5.    curves in a circular formation with a slight overlap of the nail's head and point.

{F1746287.2 }

31.     Cartier has made widespread and exclusive use of the iconic Juste un Clou Trade Dress. Cartier has invested a considerable amount of time, effort, and money advertising and promoting its jewelry products bearing the Juste un Clou Trade Dress and has enjoyed enormous success selling such products in the United States and around the world.  Products bearing the Juste un Clou Trade Dress have received extensive unsolicited media coverage due to their innovative and distinctive design.

32.     By virtue of extensive sales, advertising, and promotion, the Juste un Clou Trade Dress has become instantly recognizable to the public as exclusively denoting Cartier and signaling the high quality of its products.  As such, the Juste un Clou Trade Dress has obtained secondary meaning and is an enormously valuable asset of Cartier.

33.     The Juste un Clou Trade Dress is inherently distinctive and is in no way functional.

## II.     DEFENDANT'S UNLAWFUL ACTIVITIES

34.     Defendant is in the business of offering for sale and selling jewelry.  As set forth above, on information and belief, Defendant operates an interactive website at *www.princesspjewelry.com.*

35.     On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported infringing products bearing the Cartier LOVE Marks and the LOVE Trade Dress.

36.     As shown below, Defendant advertises and offers for sale infringing and/or counterfeit jewelry pieces bearing the Cartier LOVE Marks and the LOVE Trade Dress through the Princess P website:

9

{F1746287 2 }



HOME    ARMCANDY INSTAGRAM ⌄    SHOP ⌄    COLLECTIONS ⌄    ACCESSORIES ⌄    SOCIAL

Home  ›  Products  ›  KIM BANGLE



## KIM BANGLE
## $ 18.99  $~~33.99~~

Color

RoseGold ▼

Quantity

1

Add to cart

Length:5.2 CM Width:5.6 CM
Weight:18.4 G
Hinged with a secure clasp so easy to put on and take off yet secure
These Classy Oval Shaped Bangles are a Stunning Timeless Design and will Look
Great for any Occasion

STAINLESS STEEL .

COMPANY GUARANTEES TO NOT TARNISH.

HOME    ARMCANDY INSTAGRAM ⌄    SHOP ⌄    COLLECTIONS ⌄    ACCESSORIES ⌄    SOCIAL

Home  ›  Products  ›  KIM RING

## KIM RING
## $ 18.99

Ring Size

8 ▼

Color

RoseGold ▼

Quantity

1

Add to cart

🔵 Share    🐦 Tweet    🔴 Pin it    🟣 Fancy    🔘 +1

10

{F1746287.2 }





37.     On information and belief, Defendant has also manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported bracelets that bear the Juste un Clou Trade Dress and are substantially similar to the Juste un Clou Works.

38.     As shown below, Defendant advertises and offers for sale infringing jewelry pieces that bear the Juste un Clou Trade Dress and are substantially similar to the Juste un Clou Works through the Princess P website:

{F1746287.2 }



HOME     ARMCANDY INSTAGRAM ˅     SHOP ˅     COLLECTIONS ˅     ACCESSORIES ˅     SOCIAL

Home ⟩ Products ⟩ CLAVO BANGLE



### CLAVO BANGLE
**$ 18.99**  ~~$ 28.99~~

Color
RoseGold ˅

Quantity
1

Add to cart



HOME     ARMCANDY INSTAGRAM ˅     SHOP ˅     COLLECTIONS ˅     ACCESSORIES ˅     SOCIAL

Home   Products   CLAVO RING



### CLAVO RING
**$ 18.99**

Ring Size
6

Color
RoseGold

Quantity
1   ˄˅

Add to cart

{F1746287.2 }

39.     Upon information and belief, such activities are being done willfully, with the knowledge that such jewelry is copied from, and/or based upon, Cartier's LOVE Marks and LOVE Trade Dress and Juste un Clou design and Juste un Clou Trade Dress.

40.     Indeed, Defendant has actual knowledge of Cartier's rights.  Over the past 18 months, Cartier has sent Defendant multiple cease-and-desist letters requesting that Defendant immediately crease its unlawful activities.

41.     Notwithstanding the fact that Defendant is on actual notice of Cartier's exclusive rights, Defendant has, upon information and belief, continued to advertise, distribute, offer for sale, and sell infringing and/or counterfeit products bearing (a) the Cartier LOVE Marks and the LOVE Trade Dress and (b) the Juste un Clou Trade Dress and which are substantially similar to the Juste un Clou Works.

42.     Defendant is not related to or affiliated with Cartier in any way.  Defendant has not sought or received a license or authorization from Cartier for any purpose whatsoever, including for the acts described herein.

43.     Defendant's counterfeit and infringing Cartier LOVE products and imitation Juste un Clou products directly compete with Cartier's products.

44.     Defendant's sale of infringing products unlawfully wrests from Cartier control over its reputation and, upon information and belief, is unjustly enriching Defendant.

45.     Upon information and belief, Defendant knows, and at all relevant times has known, that the products it sells are an unlawful imitation of Cartier's jewelry products.

46.     Upon information and belief, Defendant's activity described herein is intentionally fraudulent, malicious, willful, and wanton.

{F1746287.2 }

47.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Cartier and its business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF BY ALL PLAINTIFFS:
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT IN
## VIOLATION OF 15 U.S.C. § 1114(1)

48.     Cartier repeats and incorporates herein by reference each of the foregoing allegations.

49.     The Cartier LOVE Marks are distinctive and of incalculable value, and are associated in the public mind with Cartier's goods and services of the highest quality.

50.     Without Cartier's authorization or license, and, upon information and belief, with knowledge of Cartier's prior rights in the Cartier LOVE Marks, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit CARTIER LOVE jewelry under and/or bearing the following Cartier LOVE Marks, or marks highly similar thereto:  the stylized LOVE word mark, U.S. Registration No. 3,637,776; the trade dress in the screw head design, U.S. Registration No. 3,162,410; the trade dress in the LOVE bracelet, U.S. Registration No. 1,372,423; and the trade dress in the LOVE Collection of jewelry, U.S. Registration No. 3,776,794.

51.     Upon information and belief, by virtue of Cartier's extensive and ongoing use and advertising of the Cartier LOVE Marks, Defendant was on actual notice of Cartier's exclusive rights in the Cartier LOVE Marks.  In addition, Cartier's federal registrations put Defendant on constructive notice of Cartier's exclusive rights in the Cartier LOVE Marks.

52.     Defendant's manufacturing, advertisement, offering for sale, sale, distribution, import, and/or export of counterfeit LOVE products under and/or bearing trademarks and trade

{F1746287 2 }

dress that are identical or highly similar to the Cartier LOVE Marks is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods. As a result of Defendant's unauthorized use of Cartier's federally registered trademarks, and/or trademarks and trade dress that are identical or highly similar to Cartier's federally registered trademarks, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Cartier. Such use falsely represents Defendant as being legitimately connected with and/or authorized by Cartier, and places beyond Cartier's control its own reputation and ability to control the use of the Cartier LOVE Marks and the quality of the products bearing those marks.

53.     Defendant's infringement of the Cartier LOVE Marks is willful, intended to reap the benefit of the goodwill of Cartier, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable damage, loss and injury, for which Cartier has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF BY ALL PLAINTIFFS: UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

55.     Cartier repeats and incorporates herein by reference each of the foregoing allegations.

56.     The Cartier LOVE Marks are distinctive and of incalculable value, and are associated in the public mind with Cartier and goods and services of the highest quality.

57.     Without Cartier's authorization or license and, upon information and belief, with knowledge of Cartier's prior rights in the Cartier LOVE Marks, Defendant manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported products under and/or bearing the Cartier LOVE Marks.

58.     The Juste un Clou Trade Dress is used in commerce, is non-functional, is inherently distinctive, and has acquired secondary meaning as the indicator of Cartier as the exclusive source of products containing or incorporating such design.

59.     Defendant has adopted the Juste un Clou Trade Dress and has, without Cartier's authorization or consent, manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported jewelry designs that contain or incorporate the Juste un Clou Trade Dress or designs that are confusingly similar thereto.

60.     Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Cartier, and/or as to Cartier's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

61.     As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

63.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable damage, loss, and injury, for which Cartier has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF BY PLAINTIFF CARTIER INTERNATIONAL AG: COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

64.     Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

65.     The Juste un Clou Works are original and creative works of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Juste un Clou Works and the exclusive owner of the Juste un Clou Copyright.

16

66.     Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Juste un Clou Works.

67.     Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Juste un Clou Works and the Juste un Clou Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

68.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

69.     Defendant's infringement of Cartier International A.G.'s exclusive rights in its works has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

70.     Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF BY ALL PLAINTIFFS: COMMON LAW TRADE DRESS INFRINGEMENT

71.     Cartier repeats and incorporates herein by reference each of the foregoing allegations.

72.     Defendant's aforesaid conduct constitutes common law trade dress infringement under the common law of the State of New York.

73.     Defendant's aforesaid conduct of common law trade dress infringement has

caused, and unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable

damage, loss, and injury, for which Cartier has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF BY ALL PLAINTIFFS:
## COMMON LAW UNFAIR COMPETITION

74.     Cartier repeats and incorporates herein by reference each of the foregoing

allegations.

75.     Defendant's aforesaid conduct constitutes common law unfair competition with

Cartier under the common law of the State of New York.

76.     Defendant's aforesaid conduct of common law unfair competition has caused, and

unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable damage, loss,

and injury, for which Cartier has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF BY ALL PLAINTIFFS:
## DECEPTIVE TRADE PRACTICES
## IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

77.     Cartier repeats and incorporates herein by reference each of the foregoing

allegations.

78.     By adopting and using colorable imitations of the Cartier LOVE Marks and

Cartier's Juste un Clou Trade Dress, Defendant has engaged in activities that deceive or have a

tendency to deceive a material segment of the public to which Defendant has directed its

marketing activities.

79.     Upon information and belief, through such deceptive acts, Defendant has engaged

in consumer-oriented conduct that has affected the public interest of New York and has resulted

in injury to consumers and harm to the public in the state of New York.

18

{F1746267.2 }

80.     Upon information and belief, Defendant's conduct is willful and in knowing disregard of Cartier's rights.

81.     By virtue of the foregoing, Defendant has engaged in deceptive acts or practices in the conduct of its business in violation of Section 349 of the General Business Law of the State of New York.

82.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable damage, loss and injury, for which Cartier has no adequate remedy at law.

**WHEREFORE**, Cartier prays for judgment against Defendant as follows:

1.     Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

(a)     using any of Cartier's trademarks or trade dress, including but not limited to those identified in the Complaint above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Cartier's trademarks or trade dresses in or as part of any design or logo or otherwise on or in connection with any goods or on or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods;

(b)     infringing the Juste un Clou Copyright, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting any of the Juste un Clou Works or any other designs copied or derived from the Juste un Clou Works;

(c)     using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated

{F1746287.2 }

with Cartier or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Cartier, is a genuine product of Cartier, or is authorized, licensed, sponsored, or otherwise approved by Cartier;

      (d)    engaging in any other activity constituting unfair competition with Cartier, or constituting an infringement of Cartier's trademarks, trade dresses, trade names, or copyrights;

      (e)    assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(d) above, inclusive.

      2.    Directing that Defendant turn over to Cartier for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

      3.    Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to Cartier for destruction all materials returned to them.

      4.    Directing that Defendant provide Cartier with the names, addresses, and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the sources of all products that bear or include counterfeits or copies of any of Cartier's trademarks, trade dresses, or copyright or that otherwise are intended to copy Cartier's products, including all manufacturers, distributors and/or suppliers.

      5.    Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Cartier, within thirty (30) days of the entry of injunction prayed for herein, a written

{F1746287.2}

report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

6.    Granting Cartier all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and, in connection with Cartier's claims under the Lanham Act, that such sums be trebled or, if Cartier elects, statutory damages as the Court considers just, of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as provided by 15 U.S.C. § 1117(b) & (c); and/or in connection with Cartier International A.G.'s claims under copyright, statutory damages as Cartier International A.G. may elect, as provided by 17 U.S.C. § 504(c).

7.    Granting Cartier all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above and, in connection with Cartier's claims under the Lanham Act, that such sums be tripled.

8.    Granting Cartier punitive damages.

9.    Granting Cartier its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 505.

10.    Granting Cartier both pre-judgment and post-judgment interest on each and every monetary award.

11.    Granting Cartier such other and further relief as the Court may consider equitable, just and proper.

{P1760287;2 }

Dated:  August 24, 2015

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By

John P. Margiotta
Jennifer Insley-Pruitt
866 United Nations Plaza
New York, New York 10017
Tel: (212) 813-5900
*jmargiotta@frosszelnick.com*
*jinsley-pruitt@frosszelnick.com*

*Attorneys for Plaintiffs*

{F1746287.2 }